**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Lloyd REEDER and Margaret Reeder, his wife, Appellees.**

Court of Appeals of Kentucky.

Oct. 18, 1985.

David A. Collins, Flemingsburg, for appellant.

J. D. Atkinson, Greenup, for appellees.

Before CLAYTON, DUNN and McDONALD, JJ.

McDONALD, Judge:

This is an condemnation action from the Greenup Circuit Court. The sole issue on review is whether the trial court erred in making an award of $500 to the appellees, Lloyd and Margaret Reeder, to pay the fees of their expert appraisal witness. In the order appealed from the trial court plainly relied on the following language from the recent case, *Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Company*, Ky., 678 S.W.2d 378, 383 (1984): "Usually the costs in a condemnation proceeding whether it be inverse or by eminent domain do not mean mere filing fees, but rather involve expensive expert witnesses' charges which are necessarily occasioned by the government's actions."

Despite its seemingly clear import, we are not convinced our Supreme Court intended by the above dictum to cre-

ate a right for landowners to recover compensation for such incidental expenses incurred in condemnation actions. If so, an equally forceful argument could be made for attorneys' fees under the same rationale. Such power, we believe, lies within the discretion of our General Assembly. *See United States v. Bodcaw Co.*, 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257, 258 (1979), wherein it was held that "such compensation is a matter of legislative grace rather than constitutional command."

The order of the Greenup Circuit Court is reversed.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32, and other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.