COMMONWEALTH of Kentucky, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF HIGHWAYS, Movant,

v.

Harry M. KNIERIEM and Yoshiko
Knieriem, Respondents.

Supreme Court of Kentucky.

Feb. 6, 1986.

Rehearing Denied April 10, 1986.

William H. Wallace, Dept. of Transp. Bu-
reau of Highways, Louisville, for movant.

Norman R. Lemme, Alan D. Twisselman,
Shepherdsville, for respondents.

STEPHENS, Chief Justice.

The issues addressed in this case are (1)
whether the right of the Commonwealth to
condemn is barred by the constitutional
prohibition against taking property for a
private use, and if so, (2) whether the trial
court's denial to the condemnee of an
award of attorney's fees is proper. We
affirm the Court of Appeals on the first
question; we reverse on the second ques-
tion.

The Commonwealth of Kentucky, De-
partment of Transportation, Bureau of
Highways (hereinafter, Highways) con-
demned a strip of land belonging to the
respondents, the Knieriems, in order to
widen Interstate 65 between Louisville and
Elizabethtown. This strip of land was bur-
dened by an easement running to otherwise
landlocked adjoining land owned by the
Bluegrass Saddle Club (hereinafter, Blue-
grass). To avoid landlocking Bluegrass,
Highways sought to condemn a second
strip of the Knieriems' land, contiguous to
the first strip condemned to widen I–65, in
order to replace in kind the easement to
Bluegrass which was destroyed by the tak-
ing of the first strip.

The trial court found from the evidence
that the taking of this second strip of the
Knieriems' land was for the private use of
Bluegrass and for convenience in resolving
other problems in the area, and held that
eminent domain can be exercised only
where property can be taken for a public
use, and that avoidance of inconvenience
was "abusive of the power of eminent do-
main." The trial court further held that
the Knieriems' were not entitled to an
award of attorney's fees.

The Court of Appeals affirmed the trial
court with regard to the unlawful condem-
nation of the Knieriem property for use as
a private easement, but reversed and re-
manded for the assessment of an award of
attorney's fees for the Knieriems.

Highways argues before this court that both the trial court and the Court of Appeals erred in holding that taking the second strip of the Knieriems' property was barred by the constitutional prohibition against taking property for a private use. Highways, relying both on the language of KRS 177.250 and on *Sturgill v. Commonwealth*, Ky., 384 S.W.2d 89 (1964), argues that the Commonwealth should be allowed to condemn land for the purpose of providing access to property landlocked by a limited access highway.

■ In *Sturgill, supra,* we held that the Commonwealth could condemn property for the purpose of constructing a two-lane access road, to be maintained by the Commonwealth and to be used by the public, to property that would otherwise be landlocked by the construction of a "nonaccess" highway. The accepted test of a public use, we said there at page 91, "is whether the roadway is under the control of public authorities and is open to public use, without regard to private interest or advantage." Highways fail to meet this test in the case presently before us. In the instant case, Highways seeks to condemn property for the purpose of restoring an easement to provide ingress and egress to the Bluegrass property. The Commonwealth would not maintain it, and, presumably, Bluegrass could exercise control over it. As we said in *City of Owensboro v. McCormick*, Ky., 581 S.W.2d 3 (1979), at page 5:

> "The Kentucky Constitution, particularly Sections 13 and 242, has been interpreted repeatedly to prohibit the taking of private property for public use without compensation, and this prohibition has been consistently construed to forbid the taking of private property for private uses."

Taking the Knieriems' second strip of land for the purpose of restoring an easement for Bluegrass is a taking of private property for a private use, and is forbidden by our Constitution.

■ We now turn to a consideration of the issue of attorney's fees. The trial court denied the Knieriems an award of attorney's fees, but the Court of Appeals reversed, holding that the Knieriems were entitled to be put in the position they would have been in had they not been aggrieved, *i.e.*, reimbursed for all attendant legal fees. By so holding, the Court of Appeals interpreted the words "all costs" in KRS 416.-610(4)(c) to include attorney's fees. We do not agree that the phrase "all costs" in KRS 416.610(4)(c) includes an award of attorney's fees. As a general rule, attorney's fees are not allowed in the absence of a statute or contract expressly providing therefor. *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462, 480 (1974). We are referred to no statute or contract expressly providing for an award of attorney's fees in a proceeding involving eminent domain. In fact, KRS 453.260(5)(c) expressly exempts proceedings involving eminent domain from the statute authorizing the award of attorney's fees in certain actions.

There was no bad faith or unreasonable delay by the condemnor shown here. Absent such a showing, we are reluctant to place the litigants in the position of allowing a landowner to gamble on litigation in the hope of being awarded attorney's fees rather than to accept legitimate offers of settlement. Allowing attorney's fees in a case such as this, where the condemnor has made an effort to take private property for what, in good faith, it thought at the time of the attempt was to be for a public use, would increase the cost to the public of acquiring property. It would also place an additional burden on the judicial process. We hold that the phrase "all costs" in KRS 416.610(4)(c) does not include an award of attorney's fees.

The decision of the Court of Appeals is affirmed as to the issue of taking the Knieriems' property for a private use, is reversed as to the issue of attorney's fees, and the judgment of the Bullitt Circuit Court is affirmed.

All concur.

AKER, J., concurs with opinion except in so far as it refused to award attorney's fees to Harry Knieriem and Yoshiko Knieriem.