**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**John WIREMAN and Marilyn Wireman, His Wife, Appellees. (Two Cases)**

Court of Appeals of Kentucky.

Aug. 1, 1986.

David A. Collins, Flemingsburg, for appellant.

James D. Atkinson, Jr., Greenup, for appellees.

Before COOPER, DUNN and McDONALD, JJ.

McDONALD, Judge.

This is a highway condemnation case in which the Commonwealth appeals from the judgment of the Greenup Circuit Court which exceeded the amount of the commissioners' award, and an order overruling the Commonwealth's exceptions to the itemized bill of costs.

The issues on appeal are whether the trial court erred (1) in considering the appellees' statement accepting the commissioners' award as "exceptions"; (2) in permitting the appellees to refer to the subject property as being landlocked after condemnation; and (3) in overruling the Commonwealth's exceptions to the itemized bill of costs, thereby requiring the Commonwealth to pay the expert witness fees of appellees' appraisal witness. We reverse and remand.

This condemnation action was filed July 15, 1983. The commissioners' report stated a before value of $80,000.00, an after value of $60,000.00, and a difference of $20,-000.00. Interlocutory order and judgment

was entered September 12, 1983. The condemnor filed exceptions October 4, 1983. John and Marilyn Wireman, the condemnees, filed the following statement with the Greenup County Circuit Court on October 5, 1983:

> The appraisal of $20,000 from the County Court Commissioners for the ground that the State Highway Department is taking for the bridge to be put across the Greenup Locks and Dam is an acceptable one. However we must have a legal entrance to the remainder of the property.

An order paying the condemnees the $20,000.00 commissioners' award was entered for the appellees on October 5, 1983.

The Commonwealth moved to set the case for trial, and an order was entered setting the case for trial November 27, 1984. The appellees, on August 29, 1984, filed a motion requesting that their statement of October 5, 1983, be found to be proper exceptions and that any award by the jury may exceed the commissioners' award. The appellees alleged that the loss of their access rights entitled them to greater compensation. They further urged the court to liberally construe their statement because it was filed without the benefit of counsel. The Commonwealth responded that the appellees' statement was an "acceptance of," not an "exception to," the amount of the commissioners' award. Since KRS 416.610(3) states that exceptions shall be confined to the amount of compensation awarded, the Commonwealth argued that the appellees should be limited to the commissioners' award because that amount was accepted. The Commonwealth further argued that the appellees' remaining access was reasonable and adequate.

The jury trial was held November 27 and 29, 1984. In opening statement the appellees stated that their proof would be that the only two points of access to the subject property were taken. The Commonwealth objected, arguing that whether access was reasonable was a legal question for the court, not the jury. The court withheld ruling, allowing the issue to be developed during trial.

The subject property is a 30–acre farm with no improvements, rectangular in shape, next to the Greenup Locks and Dam on the Ohio River. The Commonwealth's witnesses testified that prior to condemnation the appellees had two points of access to their farm: (1) at the northeast corner on the Corps of Engineers property and (2) at the southwest corner on the C & O Railroad right of way. The appellees argued that prior to condemnation they also had access at the northwest corner; the Commonwealth countered with evidence that this access point was last used by the appellees in 1975, and on the date of taking was a low swampy area across a stream. The highway plans eliminated the northeast access and the northwest access, the entrance which the Commonwealth alleged was unusable.

Prior to submission to the jury, the court ruled that there was evidence that a road which was used before the acquisition was no longer available. The court found the only remaining access was over the C & O right of way which the appellees had no permission to use, only acquiescence by the railroad. The jury returned a verdict of $75,000.00 before value, $45,000.00 after value, with the difference being $30,000.00.

After trial, on December 4, 1984, the court entered an order finding that the appellees' statement be treated as a proper exception to the commissioners' award. Trial order and judgment was entered December 27, 1984. The Cabinet made a motion for new trial which was granted and later set aside, having been granted by mistake.

On March 14, 1985, the appellees submitted an itemized bill of costs requesting that the Commonwealth pay the appellees' appraisal expert witness fee. The Commonwealth filed exceptions to the itemized bill of costs. On April 12, 1985, an order was entered overruling the Common-

wealth's exceptions to the itemized bill of costs.

The Commonwealth's appeals from the Greenup Circuit Court judgment and order were consolidated for decision.

■ The first issue is whether the court erred in considering the appellees' statement as exceptions to the commissioners' award. We agree with the Commonwealth that the appellees clearly accepted the commissioners' award in their statement; they also requested a "legal" entrance to the remainder of their property. KRS 416.610(3) confines any exception to the amount of compensation awarded. The commissioners' report and award were based on the right of way plans filed by the Commonwealth with the original petition, which did not show a new entrance. The appellees should have filed an answer to the condemnation petition to challenge their remaining access. Failure to file an answer precluded them from raising this issue as an exception. *See* KRS 416.600; 416.610; 416.620. Therefore, the trial court erred in entering an order *after trial* directing that the letter of acceptance be treated as an exception. *Davis v. Commonwealth*, Ky., 374 S.W.2d 513 (1963); *Commonwealth v. Johnson*, Ky., 403 S.W.2d 691 (1966).

■ The Commonwealth argues that the trial court erred in allowing the appellees to refer to the subject property as being landlocked and to argue that the Commonwealth had taken access rights. Again, we agree. We have already stated that the issue of reasonableness of access was not properly presented. Furthermore, the trial court waited until moments before the jury retired to rule that the access remaining after condemnation was not reasonable. Even if the issue had been properly raised, the access which the appellees argue existed prior to condemnation had not been used for many years and was impractical as an access point. The verdict of the jury must be set aside because it was the result of deliberation regarding evidence which was not properly admissible. *Commonwealth v. Layne*, Ky., 502 S.W.2d 51 (1973).

■ Lastly, the Commonwealth urges this Court to reverse the trial court's order directing that the Commonwealth pay for the services of the appellees' expert appraisal witness. The Commonwealth argues that the fee of a condemnee's appraiser is not a court cost and, therefore, the Commonwealth is not required to pay this fee. This very issue was addressed by this Court in *Commonwealth v. Reeder*, Ky. App., 698 S.W.2d 320 (1985). The trial court in *Reeder* awarded $500.00 to the condemnees to pay the fees of their expert appraisal witness. This Court reversed, finding that the trial court's reliance on *Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Company*, Ky., 678 S.W.2d 378, 383 (1984), was misplaced.

The language in *Stearns* which the trial court interpreted as allowing for an expert appraisal witness fee to be included as court costs is the following:

Usually the costs in a condemnation proceeding whether it be inverse or by eminent domain do not mean mere filing fees, but rather involve expensive expert witnesses' charges which are necessarily occasioned by the government's actions.

*Stearns*, 678 S.W.2d at 383. In our humble opinion, the Supreme Court's language is clearly dictum and is therefore not binding upon us because there was no taking in *Stearns;* thus, costs should have been assessed against the Commonwealth. In *Reeder*, this Court commented on the Supreme Court's dictum in *Stearns:*

Despite its seemingly clear import, we are not convinced our Supreme Court intended by the above dictum to create a right for landowners to recover compensation for such incidental expenses incurred in condemnation actions.

*Reeder*, 698 S.W.2d at 321.

The recent Supreme Court case of *Comm., Dept. of Transportation v. Knieriem*, Ky., 707 S.W.2d 340 (1986), reinforces

our conclusion that the Supreme Court did not intend to include as costs a condemnee's appraisal witness fee. In *Knieriem,* the Supreme Court held that attorneys' fees are not to be considered costs to be paid by the Commonwealth in a condemnation case. We see no distinction between attorney fees and expert witness fees. In *United States v. Bodcaw Co.,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257, (1979), the U.S. Supreme Court held that "appraisal expenses were not part of the just compensation required by the Fifth Amendment." 99 S.Ct. at 1067. The Court explained that although it might be fair or efficient to compensate a landowner for all the costs he incurs as a result of a condemnation action, such compensation is a matter of legislative grace rather than constitutional command. In *Knieriem,* the Supreme Court found there was no statute providing for attorneys' fees to be paid to a condemnee as part of costs.

■ What expenses then are to be included in costs, pursuant to KRS 416.560(3) and KRS 416.620(4)? The Commonwealth suggests that the filing fee, sheriff's fee, jury fee, commissioners' fee, Master Commissioner's fee, and recording fee are all to be included in costs. We construe "costs" to be amounts paid to the court system or to officers of the court, not incidental or indirect fees which are at best colored as costs. In *Porter v. Citizens Fidelity Bank & Trust Co.,* Ky.App., 554 S.W.2d 397 (1977), this Court defined costs in a declaratory judgment action as encompassing the actual expenses of litigation, not attorney fees.

For the foregoing reasons, the judgment of the Greenup Circuit Court is reversed and remanded with directions that the appellees' judgment be limited to the $20,-000.00 commissioners' award. The order assessing appraisal witness fees as costs is reversed.

All concur.