Lester A. BERNARD and Lacona
Bernard, Movants,

v.

RUSSELL COUNTY AIR
BOARD, Respondent.

Supreme Court of Kentucky.

Sept. 25, 1986.

As Corrected Nov. 5, 1986.

M. Gail Wilson, Robert L. Bertram, Jamestown, for movants.

Gordon T. Germain, Monticello, for respondent.

William L. Sullivan, Dorsey, Sullivan, King & Gray, Henderson, amicus curiae for Kentucky Aviation Assn.

Wilbert L. Ziegler, Covington, amicus curiae for Kenton Co. Airport Bd., Inc.

Sandra Mendez-Dawahare, Lexington, amicus curiae for Lexington and Fayette County Urban Airport Bd.

T. Kennedy Helm, Jr., Louisville, amicus curiae for Regional Airport Authority of Louisville and Jefferson County.

STEPHENS, Chief Justice.

This is an appeal from the Kentucky Court of Appeals' affirmance of the decision of the Russell Circuit Court, holding that the Russell County Air Board had authority to instigate condemnation proceedings against movants' property.

Two issues are raised by this appeal: whether the Russell County Air Board was a legally constituted organization, and if so, whether it had the right to instigate condemnation proceedings in its own name against movants' property. We reverse both the trial court and the Kentucky Court of Appeals, holding that the Russell County Air Board was not a legally constituted organization as it did not comply with the requirements of an airport board organization, as enumerated in KRS 183.132, nor did it follow proper condemnation procedures, as detailed in the Eminent Domain

Act of KRS 416.560, to grant it authority to condemn movants' property.

The Russell County Air Board's decision to expand the Russell County Airport and its attempts to obtain movants' land began in 1982. On November 12, 1982, movants were first ordered to allow their property adjacent to the Russell County Airport to be surveyed by representatives of the airport board. Movants sought and obtained a writ of prohibition from the Court of Appeals forbidding any orders from being entered wherein a lawsuit had not yet been filed. The Air Board then filed a complaint of condemnation in Russell Circuit Court against movants and an order was entered requiring movants to allow a survey of their land. The Court of Appeals granted movants a second writ of prohibition. A hearing was held on October 20, 1983, in Russell Circuit Court to determine whether the Russell County Air Board had the right to condemn movants' land, and on February 23, 1984, the trial court held that the Air Board did have such authority. The Kentucky Court of Appeals affirmed and we granted discretionary review.

■ First, movants contend that the Russell County Air Board did not comply with the requirements of an airport board organization as enumerated in KRS 183.-132. We agree. The relevant sections of KRS 183.132 provide:

"**183.132. Local air boards.**—(1) Any city or county, or city and county acting jointly, or any combination of two (2) or more cities and/or counties may establish a nonpartisan air board composed of six (6) members.

(2) The board shall be a body politic and ₊corporate with the usual corporate attributes, and in its corporate name may sue and be sued, contract and be contracted with and do all things reasonable or necessary to effectively carry out the duties prescribed by statute. The board shall constitute a legislative body for the purposes of KRS 183.630 to 183.740.

(3) The members of an air board shall be appointed as follows: ...

(b) *If the air board is established by a county, such members shall be appointed by the county judge/executive;* ...

(4) Members of the board shall serve for a term of four (4) years each, and until their successors are appointed and qualified, provided, however, that initial appointments shall be made so that two (2) members are appointed for two (2) years, two (2) members for three (3) years and two (2) members for four (4) years. Upon expiration of these staggered terms, successors shall be appointed for a term of four (4) years.

(5) Members of the board shall serve without compensation but shall be allowed any reasonable expenses incurred by them in the conduct of the affairs of the board. The board shall, upon the appointment of its members, organize and elect officers. The board shall choose a chairman and vice chairman who shall serve for terms of one (1) year. The board shall also choose a secretary-treasurer who may or may not be a member of the board. The board may fix a salary for the secretary-treasurer and the secretary-treasurer shall execute an official bond to be set and approved by the board, and the cost thereof shall be paid by the board.

(6) The board may employ necessary counsel, agents and employes to carry out its work and functions and prescribe such rules and regulations as it deems necessary.

(7) *The secretary-treasurer shall keep the minutes of all meetings of the board and shall also keep a set of books showing the receipts and expenditures of the board.* He shall preserve on file duplicate vouchers for all expenditures and shall present to the board, upon request, complete reports of all financial transactions and the financial condition of the board. Such books and vouchers shall at all times be subject to examination by the legislative body or bodies by whom the board was created. He shall transmit at least once annually a detailed report of all acts and doings of the board

to the legislative body or bodies by whom the board was created....

(9) *A quorum for the transacting of the business of the board shall consist of four (4) members.* Meetings of the board may be called by the chairman or by four (4) members. In case of tie voting by the board, the issue shall be deemed to have failed passage.

(10) A board member may be replaced by the appointing authority upon a showing to such authority of misconduct as a board member or upon conviction of a felony. No board member shall hold any official office with the appointing authority." (emphasis added).

Respondent substantially deviated from these statutory requirements. The secretary-treasurer of the Russell County Air Board testified that the Air Board frequently conducted business with less than a quorum present, in direct violation of KRS 183.132(9). Indeed, there was less than a quorum in attendance at the meeting during which the Air Board approved the plans for the airport expansion which included movants' property. Testimony at trial showed that there were neither minutes for the Airport Board's first meeting, as required by KRS 183.132(7), nor was there sufficient evidence of regular meetings thereafter. Moreover, KRS 183.-132(3)(b) specifically requires "If the air board is established by a county, such members shall be appointed by the county/judge executive." No copy of the original appointment of the Air Board by the county judge-executive was in the record or proven to be in existence.

■ Respondent argues that although it may not have strictly complied with the requirements of KRS 183.132, it had a de facto existence which was later ratified. *Schaffield v. Hebel*, 301 Ky. 358, 192 S.W.2d 84 (1946). We disagree. The concept of de facto existence applies only to corporations, municipal or otherwise. The Russell County Air Board had not achieved corporate status, for it had not fulfilled the numerous procedural steps designed to safeguard the public from organizations which have been created in haste, without due consideration and careful inquiry. Without clear evidence the Airport Board was properly established in accordance with the statute's mandatory language, the Russell County Air Board had no authority to deprive private citizens of their property.

■ Second, movants contend that the Russell County Air Board failed to follow the condemnation procedures detailed in the Eminent Domain Act of KRS 416.560 granting it authority to condemn movants' land. We agree. The Russell County Air Board is not a wholly independent board, but is subject to, and under the aegis of, the provisions of KRS 416.560. That statute provides:

416.560. Initiation of condemnation proceedings—Costs-Right of entry—Damages.—(1) Notwithstanding any other provision of the law, a department, instrumentality or agency of city, county or urban-county government, other than a waterworks corporation the capital stock of which is wholly owned by a city of the first class, having a right of eminent domain under other statutes *shall exercise such right only by requesting the governing body of the city, county, or urban-county to institute condemnation proceedings on its behalf.* If the governing body of the city, county or urban-county agrees, it shall institute such proceedings under KRS 416.570, and all costs involved in the condemnation shall be borne by the department, instrumentality or agency requesting the condemnation. (emphasis added).

Therein lie the procedures which must be followed whenever condemnation proceedings are commenced. The Russell County Air Board must comply with those procedures, because of the language in KRS 183.133(5). That section states:

(5) The board or any other governmental unit may by resolution reciting that the property is needed for airport or air navigation purposes direct the condemnation of any property, including navigation or other easements. The procedure for condemnation shall conform to the proce-

dures set out in the Eminent Domain Act of Kentucky.

The Russell County Air Board is subordinate to the Russell County government, and as we said must comply with the procedures for condemnation set out in KRS 416.560.

Respondent, however, argues that condemnation has always been a power granted to airport boards, and that KRS 183.-133(4) empowers the board among other things, to condemn property upon its own initiative, without the need for any authorization from the county government.

> (4) The board may acquire by contract, lease, purchase, gift, condemnation or otherwise any real or personal property, or rights therein, necessary for establishing, operating or expanding airports and air navigation facilities. The board may erect, equip, operate and maintain on such property, buildings and equipment necessary, desirable or appropriate for airport or air navigation facilities. The board may dispose of any real or personal property, or rights therein, which, in the opinion of the board are no longer needed for operating or expanding the airport or air navigation facilities.

We disagree that this language authorizes the board to condemn absent county participation. The power to condemn is not to be taken lightly. As we stated in *City of Owensboro v. McCormick*, Ky., 581 S.W.2d 3, 7 (1979):

> "The opportunity for tyranny, particularly by the self-righteous, exists in condemnation of private property to a vastly greater degree than in the levying of taxes and the expenditure of public funds."

A board comprised of six individuals should not have the power independent of the Russell County government, to take property away from private citizens. Respondent argues that airport boards are not departments of county government, yet claims the Russell County Air Board was appointed by the county judge-executive and is funded and authorized by the county. The board's attachment to the Russell County government indicates the board should be held responsible to the county government.

Thus, we hold that the Russell County Air Board was not a legally formed entity; it had not followed the requirements of KRS 416.560, and had no authority to condemn movants' property.

Therefore, we reverse the Court of Appeals.

LEIBSON, STEPHENSON, WHITE and WINTERSHEIMER, JJ., concur.

GANT and VANCE, JJ., dissent.