**Lester BERNARD and Lacona Bernard, his wife; Robert L. Bertram and M. Gail Wilson, Appellants,**

v.

**RUSSELL COUNTY AIR BOARD, Appellee.**

**No. 87-CA-2-MR.**

Court of Appeals of Kentucky.

Dec. 11, 1987.

Rehearing Denied April 1, 1988.

---

Robert L. Bertram, M. Gail Wilson, Jamestown, for appellants.

Gordon T. Germain, Monticello, for appellee.

Before COMBS, MILLER and WILHOIT, JJ.

COMBS, Judge.

The sole issue presented by this appeal is whether the trial court abused its discretion by not awarding attorney's fees to appellants after their successful defense against a condemnation proceeding brought by appellee.

The judicial history of this controversy is long and eventful. The Russell County Air Board [Air Board] began its attempt to condemn the property of Lester and Lacona Bernard in 1982. The Bernards opposed the prospective condemnation, resisting even a survey of their land. However, they offered the Air Board some of their land, apparently as a gift, if it would refrain from proceeding towards a condemnation.

Late in 1982 a series of orders were entered by the Russell Circuit Court purportedly in connection with an action styled *Russell County Air Board v. Lester A. Bernard and Lacona Bernard.* One judge disqualified himself and forwarded his order to the Chief Judge of the region. He in turn appointed a special judge to hear the case. The special judge entered an order directing the Bernards to permit a survey of their land. A problem arose with these orders because no lawsuit had ever been filed in the Russell Circuit Court from which these orders could have flowed. The Bernards then took their troubles to this court and obtained a writ of prohibition

against the judges, prohibiting the entry of any order not attached to a lawsuit.

The Air Board then filed a petition for condemnation against the Bernards. The trial court entered a temporary restraining order, followed by a temporary injunction, both ordering a survey of the Bernards' property. The Bernards then returned to this court and obtained *ex parte* relief from the temporary injunction.

The action then was taken back to the Russell Circuit Court, where the Bernards filed a motion to dismiss the suit. The motion argued that the Air Board had not complied with KRS Chapter 416, Kentucky's Eminent Domain Act. The trial court ruled against the Bernards, and they appealed to this court. We affirmed the trial court.

The Bernards appealed to the Kentucky Supreme Court and that court, in a published opinion, reversed this court. *Bernard v. Russell County Air Board,* Ky., 718 S.W.2d 123 (1986). The Supreme Court held that the Air Board (1) was not a legally formed body; (2) had no authority to deprive private citizens of their property, and (3) did not follow the requirements of KRS Chapter 416.

The Bernards then returned to the trial court and filed their motion for attorney's fees which was denied. The indefatigable Bernards now appeal to us to reverse that order.

■ Our consideration of this appeal begins by observing the general rule that in absence of a statute or a contract expressly providing for attorney's fees, they are not allowed. This rule embraces legitimate condemnation actions. *Commonwealth, Dep't of Highways v. Knieriem,* Ky., 707 S.W.2d 340 (1986). However, an exception to the general rule disallowing attorney's fees is recognized in condemnation actions upon a showing of bad faith on the part of the condemnor. *Knieriem, supra* at 341. We are also aware that there is a presumption that every public officer acts in good faith in performance of duties entrusted him by law. *Kroger Company v. Louisville & Jefferson County Air Board,* Ky., 308 S.W.2d 435 (1958).

■ We believe the conclusions reached by our Supreme Court in this case, and the fact that the Air Board sought and secured court orders prior to commencing any action against the Bernards, go beyond rebuttal of any presumption in favor of the Air Board, and conduce to show bad faith on its part. Indeed, since the Supreme Court held as a matter of law that the Air Board was not even legally formed, it is seriously questionable whether it ever did enjoy the presumption of acting in good faith accorded to *public officers.*

■ Furthermore, since the Supreme Court held that the Air Board's actions did not abide by the provisions of KRS Chapter 416, the Air Board's position is not improved by that chapter's lack of provision for attorney's fees for actions such as this. In short, this was not a legitimate condemnation action as contemplated in *Knieriem, supra,* or as in the slightly earlier case of *Northern Kentucky Port Authority v. Cornett,* Ky., 700 S.W.2d 392 (1985). Condemnation proceedings that are blatantly illegitimate, and when instigated raise the specter of undue harassment and expense for a private citizen, inherently create a presumption of bad faith. It is conceivable that this presumption of bad faith could be rebutted in a case of milder circumstances; but it cannot in one whose facts are so harsh as these.

We do not cavalierly disturb the discretion of any trial court, but considering these facts, and the law of the case, all of which were also known to the trial court, equity demands that we now do so.

The order of the Russell Circuit Court is hereby reversed, and this case is remanded with directions that it assess reasonable attorney's fees in favor of appellants as against the appellee.

MILLER, J., concurs.

WILHOIT, J., dissents and files a separate opinion.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion. I cannot see how the trial court

could award attorney fees against what the Supreme Court has held "was not a legally formed entity." *See Bernard v. Russell County Air Board,* Ky., 718 S.W.2d 123 (1986). It may be that certain individuals by their acts of bad faith could be held liable, but any such individuals are not before us.