RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1324-MR

DLX, INC.                                                                                          APPELLANT

v.
APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE JOHN K. HOLBROOK, JUDGE
ACTION NO. 19-CI-00185

COMMONWEALTH OF KENTUCKY,
TRANSPORTATION CABINET,
DEPARTMENT OF HIGHWAYS                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: DLX, Inc., brings this appeal from an October 16, 2023, order

of the Johnson Circuit Court denying its motion for attorney's fees, expert

witness's fees, and costs. We affirm.

This case is an eminent domain proceeding. The Commonwealth of

Kentucky, Transportation Cabinet, Department of Highways (Cabinet) filed a

petition to condemn mineral interest owned by DLX in approximately 152 acres of real property, in a 150-foot statutory barrier, and in adjoining property where the coal reserves could become sterilized by the taking. By Amended Interlocutory Order and Judgment, the circuit court determined that the Cabinet had the right to condemn DLX's mineral interest in the 152 acres of real property, in a 150-foot statutory barrier, and in adjoining property where the coal reserves could become sterilized by the taking or construction of the highway.

DLX filed an appeal to the Court of Appeals, and in *DLX, Inc. v. Commonwealth of Kentucky, Transportation Cabinet, Department of Highways*, Appeal No. 2021-CA-0399-MR, 2022 WL 1696246 (May 27, 2022), the Court reversed and remanded. In so doing, the Court concluded that the Cabinet failed to negotiate in good faith and directed dismissal of the Cabinet's petition. In relevant part, the Court opined:

> The condemning governmental body has broad discretion in exercising its right to take through eminent domain. *Allard v. Big Rivers Corp.*, 602 S.W.3d 800, 807 (Ky. App. 2020). However, the Commonwealth's power of condemnation does have limitations:
>
>> A determination by the condemnor that the taking is a necessity is ordinarily conclusive, but the courts will review the condemning body's exercise of discretion for arbitrariness or action in excess of its authority. The condemnor's decision on the amount of land to be condemned will be disturbed only if it is unreasonable in

relation to the public interest or welfare involved and the condemnor may consider the future, as well as the present, needs for the taking. Kentucky courts have also imposed a duty on the condemnor to negotiate in good faith the acquisition of the property prior to seeking condemnation.

*Allard*, 602 S.W.3d at 807 (quoting *God's Ctr. Found., Inc. v. Lexington Fayette Urban Cnty. Gov't*, 125 S.W.3d 295, 299-300 (Ky. App. 2002). And, to negotiate in good faith, the condemnor must make a reasonable effort to obtain the property at a reasonable price. . . .

. . . .

As previously noted, in the Commonwealth's petition and the circuit court's Amended Interlocutory Order and Judgment, the property to be condemned included the description of DLX's mineral interest in 152 acres and the following additional description:

Grantor further waives, forever, all rights and claims for those coal reserves outside the boundary of the property conveyed herein which may become sterilized as a result of the construction of the highway and/or construction contemplated herein, including the 150 foot statutory barrier, and the loss of access for many potential mining sites to the main highway.

Effectively the Commonwealth also condemned a 150-foot statutory barrier on DLX's adjoining property and "those coal reserves outside the boundary of the property conveyed [condemned] herein which may become sterilized[.]" However, it is uncontroverted and admitted by the Cabinet's appraiser, Coby Mosely, that the Cabinet's original offer of $60,900 to DLX for the property did not consider or include the 150-foot

-3-

statutory barrier or the coal on DLX's remaining property that may be sterilized. Instead, the offer was based solely upon DLX's mineral estate in the 152 acres of property.

To negotiate in good faith, the Cabinet's offer to DLX must have considered all the property or property interests sought to be condemned in order to determine a reasonable value thereof. *See* [*Lexington-Fayette Urban County Gov't v.*] *Moore*, 559 S.W.3d [374,] 379 [Ky. 2018)]. The failure to do so not only constitutes bad faith but would exemplify the quintessence of arbitrary power. Although the issue of good faith presents a question of fact, we are compelled to conclude that the circuit court's finding that the Cabinet negotiated in good faith to be clearly erroneous based upon the above highlighted uncontroverted facts. *See Moore*, 559 S.W.3d at 379. Therefore, we hold that the Cabinet failed to negotiate with DLX in good faith for the acquisition of the property before seeking condemnation and acted arbitrarily. We reverse the Amended Interlocutory Order and Judgment and remand for the circuit court to dismiss the petition. KRS 416.610(4).

Nonetheless, this Opinion should not be misconstrued as holding that the Cabinet is without authority to condemn DLX's property for the highway project. To the contrary, we simply conclude that the Cabinet must do so lawfully. It may, of course, begin the process of condemnation anew with an offer to DLX and with the subsequent filing of a petition, if necessary, that comports with the holdings herein.

May 27, 2022, Opinion at 8, 10-12, 2022 WL 1696246 at *3-4 (footnotes omitted).

Upon remand, DLX filed a motion to recover attorney's fees, expert witness's fees, and costs. The Cabinet argued that DLX was not entitled to same in a condemnation action. By order entered October 16, 2023, the circuit court

-4-

denied DLX's motion. The circuit court recognized that in limited circumstances, attorney's fees are recoverable in an eminent domain proceeding. Nonetheless, the circuit court concluded that the Cabinet's "conduct herein did not rise to the level of bad faith contemplated in *Golden* [*Foods, Inc. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 240 S.W.3d 369 (Ky. App. 2007)] to justify the extraordinary award of attorney fees." October 16, 2023, Order at 4. The circuit court also dismissed the condemnation petition. This appeal follows.

DLX contends that the circuit court erred by denying its motion for attorney's fees, expert witness's fees, and costs. In *DLX, Inc. v. Commonwealth of Kentucky, Transportation Cabinet, Department of Highways*, Appeal No. 2021-CA-0399-MR, 2022 WL 1696246 (May 27, 2022), DLX asserts that the Court of Appeals determined that the Cabinet did not negotiate in good faith. DLX points out that the Cabinet sought to condemn not only its mineral interests in 152 acres but also in a 150-foot statutory barrier and in adjoining property where coal reserves could become sterilized by the taking or construction of the highway. Even though the Cabinet sought to condemn such property, the Cabinet did not include the mineral interests in a 150-foot statutory barrier or the remaining coal reserves in its appraisal or in its offer to DLX. For this reason, DLX maintains that the Court of Appeals concluded that the Cabinet failed to negotiate in good faith. As the Court of Appeals determined that the Cabinet acted in bad faith, DLX

argues that it was incumbent upon the circuit court to award it attorney's fees, expert witness's fees, and costs. DLX argues that the Cabinet's conduct in wrongfully filing the petition to condemn has caused undue harassment and expenses to this day. DLX particularly asserts that "[i]it has been two years since the Court of Appeals handed down the Opinion and almost ten [years] since this project was authorized, yet DLX's property continues to waste away under the dark cloud that hangs over it, which is perpetuated by continuous, unrelenting delay." DLX's Brief at 17. Effectively, DLX argues that the circuit court abused its discretion by failing to award attorney's fees and expert witness fees.

Generally, attorney's fees are not recoverable in the absence of a contractual provision or statute providing for same. *Bernard v. Russell County Air Board*, 747 S.W.2d 610, 612 (Ky. App. 1987). The Kentucky Supreme Court has recognized a narrow exception that permits an award of attorney's fees in a condemnation action. *Sprint Communications Co., L.P. v. Leggett*, 307 S.W.3d 109, 119 (Ky. 2010) (citing *Golden Foods, Inc. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 240 S.W.3d 679, 683 (Ky. App. 2007)). Pursuant to this exception, a trial court in the exercise of its sound discretion may award attorney fees if the court determines that the condemnor has acted in bad faith. *Id.* at 119. When considering an award of attorney's fees, the trial court must consider the unique facts and circumstances of the case. Ultimately, the award of attorney's

fees is discretionary with the trial court, and its decision will not be disturbed absent an abuse of discretion. *Golden Foods,* 240 S.W.3d at 683. And a determination of bad faith does not require the trial court to award attorney's fees "as a matter of law." *Id.* at 684.

In *DLX, Inc. v. Commonwealth of Kentucky, Transportation Cabinet, Department of Highways*, Appeal No. 2021-CA-0399-MR, 2022 WL 1696246 (May 27, 2022), the Court of Appeals pointed out that the Cabinet sought to condemn DLX's mineral interests in 152 acres of property, in a 150-foot statutory barrier, and in adjoining property that may be sterilized by the taking or the construction of the highway. However, the Cabinet failed to include the mineral interests in the 150-foot statutory barrier or in adjoining property that may be sterilized in its appraisal or in its offer to DLX. By failing to do so, the Court of Appeals concluded that the Cabinet did not negotiate in good faith, thus necessitating dismissal of the Cabinet's petition.

Although the Court of Appeals concluded that the Cabinet did not act in good faith during negotiations, the circuit court was not required to award attorney's fees. *See Golden Foods Inc.*, 240 S.W.3d at 684. Rather, the circuit court is empowered to review the circumstances of the case and utilize its discretion to determine if an award of attorney's fees is proper. *Id.* As an appellate court, we are constrained to review the circuit court's decision as to

attorney fees for an abuse of discretion and that discretion may not be disturbed unless "equity demands that we do so." *Id.* at 684.

In its order, the circuit court initially considered legal precedent as to awarding attorney's fees in eminent domain proceedings. The circuit court noted that the Cabinet was legally entitled to institute condemnation proceedings, unlike the entity in *Bernard,* 747 S.W.2d 610, where the Court of Appeals determined that attorney's fees should have been awarded. The circuit court also did not view the Cabinet's conduct as onerous as the condemnor in *Golden Foods Inc.*, 240 S.W.3d 679, wherein attorney's fees were actually denied. The circuit court ultimately weighed the Cabinet's actions and did not believe that the Cabinet's actions were sufficiently egregious to support an award of attorney's fees. While we might have decided the issue differently, we simply cannot conclude that the circuit court abused its discretion by declining to award DLX attorney's fees, expert witness's fees, and costs. Simply stated, the circuit court's decision was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Golden Foods, Inc.*, 240 S.W.3d at 684.

We view any remaining contentions of error to be moot or without merit.

For the foregoing, the order of the Johnson Circuit Court is affirmed.

GOODWINE, JUDGE, CONCURS.

EASTON, JUDGE, CONCURS AND FILES SEPARATE OPINION.

EASTON, JUDGE, CONCURRING: I concur fully in the Court's Opinion. The law of this case is that the eminent domain petition had to be dismissed due to bad faith in prelitigation negotiation illustrated by the initial offer made by the Cabinet. On remand, the circuit court complied with this Court's mandate in the prior appeal. This prelitigation bad faith did not mandate an award of attorney's fees, and the circuit court did not abuse its discretion in declining to make such an award. I write separately to state that the continued authority to award attorney's fees in this situation is questionable.

In a series of cases culminating in *Golden Foods*, Kentucky law authorized discretionary awards of attorney's fees in eminent domain proceedings. In 2010, the Kentucky Supreme Court acknowledged this exception to the general American Rule regarding such fees. *See Sprint Communications*, *supra*.

In 2014, the Kentucky Supreme Court retracted the equitable basis for awarding attorney's fees in *Bell v. Commonwealth*, 423 S.W.3d 742, 747-48 (Ky. 2014). To remove any doubt of its intention our highest Court reiterated the new rule: "Thus, we take this opportunity to clarify that, without a sound basis in contract or statute, a trial court may not award attorneys' fees. The trial court is still empowered to order a party to pay attorneys' fees as a sanction, but only when

-9-

the integrity of the court is at stake." *Seegar v. Lanham*, 542 S.W.3d 286, 295 (Ky. 2018).

If considered as a permissible sanction, the Cabinet's prelitigation behavior does not necessarily bring into question the integrity of the court, only the integrity of the Cabinet. If the Cabinet acts in bad faith in its prelitigation behavior, it is not permitted to proceed with the eminent domain case in court as in this case.

The legislature has not waived sovereign immunity and authorized an award of attorney's fees against the Cabinet, an agency of the state. To the contrary, the legislature has expressly indicated the opposite intention. KRS 453.260 governs awards of attorney's fees and costs in cases involving the Commonwealth. "This section does not: . . . Apply to proceedings involving eminent domain, foreclosure, collection of judgment debts, or proceedings in which the Commonwealth is a nominal party[.]" KRS 453.260(5)(c).

Based on KRS 453.260 and the more recent pronouncements of the Kentucky Supreme Court on the recoverability of attorney's fees, I do not believe the circuit court was authorized to award attorney's fees in this case.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Wayne F. Collier
Lexington, Kentucky

BRIEF FOR APPELLEE:

John F. Estill
Maysville, Kentucky

Stacy D. Elliott
Pikeville, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

John F. Estill
Maysville, Kentucky