UNITED STATES *v.* BODCAW CO.

No. 78–551.   Decided February 26, 1979

PER CURIAM.

The United States brought this condemnation action to acquire a permanent easement in land owned by the respondent. The jury determined that just compensation for the easement was $146,206, a sum about halfway between the Government's offer and the respondent's claim. The District Court granted the respondent's motion to increase the award by $20,512.50 to compensate it for the expenses of securing appraisals of the land and for the fees of expert witnesses. A divided panel of the Court of Appeals for the Fifth Circuit affirmed the award in part, holding that the appraisal fees in this case were an appropriate part of the compensation required by the Fifth Amendment:

"Under the facts of this case, we cannot conclude that the Bodcaw Company has been made whole for the Government's taking of its land if the large amount expended by it for appraisals in order to demonstrate the unfairness of the price offered by the United States is not considered

an element of just compensation." *United States* v. *1,380.09 Acres of Land,* 574 F. 2d 238, 241 (1978).[1]

The Fifth Amendment forbids the taking of "private property . . . for public use, without just compensation." This Court has often faced the problem of defining just compensation. One principle from which it has not deviated is that just compensation "is for the property, and not to the owner." *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 326 (1893). As a result, indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled. See, *e. g., Dohany* v. *Rogers,* 281 U. S. 362 (1930); *Mitchell* v. *United States,* 267 U. S. 341 (1925); *Joslin Mfg. Co.* v. *Providence,* 262 U. S. 668 (1923). See generally 4A J. Sackman, Nichols' Law of Eminent Domain, ch. 14 (rev. 3d ed. 1977). Thus, "[a]ttorneys' fees and expenses are not embraced within just compensation . . . ." *Dohany* v. *Rogers, supra,* at 368.

There may be exceptions to this general rule. This case, however, does not qualify as such an exception.[2] As the dissenting judge in the Court of Appeals described this litigation, it no more than reflects "the rather typical, oft-recurring situation where the landowner is dissatisfied with the Government's valuation." 574 F. 2d, at 242. The court, therefore, was in error in holding that the respondent was entitled to compensation for the costs of the appraisals it had had made.[3]

---

[1] The Court of Appeals reduced the award by the amount of compensation allowed by the trial court for expert witness fees.

[2] The Court of Appeals relied on its previous decision in *United States* v. *Lee,* 360 F. 2d 449 (1966). In that case the court allowed as part of a compensation award the owner's expenses in having a survey made of the land to be taken. But the *Lee* case involved misrepresentation on the part of the Government as to the amount of land to be taken. Even if correctly decided, therefore, that case presented a situation quite different from the present case, where no such misrepresentation was alleged.

[3] The Court of Appeals necessarily rested its decision on constitutional grounds. It is settled that litigation costs cannot be assessed against the

Perhaps it would be fair or efficient to compensate a land-owner for all the costs he incurs as a result of a condemnation action. See Ayer, Allocating the Costs of Determining "Just Compensation," 21 Stan. L. Rev. 693 (1969). Congress moved in that direction with Pub. L. 91–646, 84 Stat. 1894, codified at 42 U. S. C. §§ 4601–4655. Among other costs which the Act placed on the Government were the property owner's reasonable litigation expenses (including attorney's fees) when a condemnation action is dismissed as being unauthorized, when the Government abandons a condemnation, or when the property owner has recovered through an inverse condemnation action under the Tucker Act. 42 U. S. C. § 4654. But such compensation is a matter of legislative grace rather than constitutional command. The respondent's appraisal expenses were not part of the "just compensation" required by the Fifth Amendment.

The petition for certiorari is granted, the judgment is reversed, and the case is remanded to the Court of Appeals for the Fifth Circuit for proceedings consistent with this opinion.

*It is so ordered.*

---

United States in the absence of statutory authorization. *United States* v. *Worley,* 281 U. S. 339, 344 (1930). Although Congress has provided that court costs may sometimes be assessed against the Government when the opposing party prevails, 28 U. S. C. § 2412, that authorization does not apply to condemnation cases. Fed. Rule Civ. Proc. 71A *(l)* ; *United States* v. *2,186.63 Acres of Land,* 464 F. 2d 676 (CA10 1972); *United States ex rel. TVA* v. *An Easement,* 452 F. 2d 729 (CA6 1971). Thus, even if the appraisal expenses in this case were to be considered "costs," they could not be taxed to the United States. Congress has provided that appraisal fees will be paid by the Government in some condemnation cases, but this case does not fall within the scope of that provision. 42 U. S. C. § 4654.