594 F.2d 169
 UNITED STATES of America, Plaintiff-Appellant Cross-Appellee,
v.
1,380.09 ACRES OF LAND, MORE OR LESS, SITUATED IN CALDWELL
PARISH, STATE OF LOUISIANA, et al. and Unknown
Owners, Defendants,
Bodcaw Company, Defendant-Appellee Cross-Appellant.
 No. 75-2328.
 United States Court of Appeals,
Fifth Circuit.
 April 27, 1979.
On Rehearing July 16, 1979.
 
 Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., Wallace H. Johnson, Jacques B. Gelin, Eva R. Datz, Peter R. Taft, Asst. Attys. Gen., Raymond N. Zagone, Anne S. Almy, Attys., James W. Moorman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for plaintiff-appellant cross-appellee.
 Burt W. Sperry, L. Michael Ashbrook, George Wear, Jr., Monroe, La., for defendants.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before COWEN,* GOLDBERG and AINSWORTH, Circuit Judges.
 
 BY THE COURT:
 
 1
 The decision and judgment of this Court (574 F.2d 238) having been reversed by the Supreme Court on February 26, 1979, Sub nom. United States v. Bodcaw Company, --- U.S. ----, 99 S.Ct. 1066, 59 L.Ed.2d 257, we now affirm the judgment of the District Court in accordance with the Supreme Court's decision, and thus vacate our prior holding herein that appellant is entitled, as just compensation, to reimbursement of appraisal expenses incurred herein.
 
 ON PETITION FOR REHEARING
 BY THE COURT:
 
 2
 The petition of the United States of America for rehearing or clarification of this Court's order issued on April 27, 1979, 594 F.2d 169, is GRANTED.
 
 
 3
 Our prior order of April 27, 1979, 594 F.2d 169, is hereby superseded and, in lieu thereof, the Court substitutes the following order:
 
 
 4
 The decision and judgment of the Court, 574 F.2d 238, having been reversed by the Supreme Court on February 26, 1979, sub. nom. United States v. Bodcaw Company, --- U.S. ----, 99 S.Ct. 1066, 59 L.Ed.2d 257, in accordance with the Supreme Court's decision, we now reverse the judgment of the District Court insofar as that judgment awarded to Bodcaw Company the sum of $20,512.50 to reimburse the appraisal and expert witness expenses incurred by the company. Thus we vacate any prior holdings of this Court or the District Court to the effect that appellant Bodcaw Company is entitled as just compensation to reimbursement of the appraisal and expert witness expenses herein referred to.
 
 
 
 *
 Senior Judge of the United States Court of Claims, sitting by designation