**UNITED STATES of America, Plaintiff,**

v.

**790.71 ACRES OF LAND, MORE OR LESS, SITUATE IN COTTON, COMANCHE AND STEPHENS COUNTIES, STATE OF OKLAHOMA; Leeander P. Davis, et al., and Unknown Owners, Defendants.**

**Civ. No. 76–0660–D.**

United States District Court,
W.D. Oklahoma.

July 7, 1981.

David L. Russell, U.S. Atty., John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., Don Redd, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Paul E. DeGraffenreid, John W. Norman, Oklahoma City, Okl., and John H. Scaggs, Walters, Okl., Anthony J. Kwiatkowski, Oklahoma City, Okl., and Melvin R. Singleterry, Dist. Atty., Duncan, Okl., for defendants.

Wayne Burnaugh, David Lynn, Danny Lee, William F. Mooney, Jr., pro se.

ORDER

DAUGHERTY, District Judge.

This condemnation action brought by the United States of America was referred to a Commission pursuant to Rule 71A(h), Federal Rules of Civil Procedure, whose Report as supplemented has not been objected to by either party. In accordance with a Motion under Rule 53(e)(2), the Court adopts the Report of the Commissioners as supplemented.

Defendant landowners Cox have filed a Motion requesting that interest be set on the deficiency herein at 15 percent and to award said landowners their litigation expenses including attorney's fees. This Motion has been the subject of an evidentiary hearing set by the Court.

At said evidentiary hearing the Court announced that it would follow the lead set by two other Judges of this Court in following the Ninth Circuit case of *United States v. 429.59 Acres of Land,* 612 F.2d 459 ·(9th Cir.1980) and determine an appropriate interest rate on the deficiency herein notwith-

standing the statutory (40 U.S.C. § 258a) six percent provision as to interest on said deficiency. Whereupon the attorneys agreed to undertake a mutual determination of a proper rate of interest on said deficiency by applying the four security formula announced by Judge Ralph Thompson of this Court in *United States of America v. 832.84 Acres of Land,* CIV–75–0083–T, which formula the Court announced it would adopt as the applicable formula to establish an appropriate rate of interest on the deficiency herein. The parties have reported to the Court that they have applied said formula to the period involved herein and have mutually agreed that the rate of interest compounded annually should be 8.60 percent from August 18, 1976 until deposit of the deficiency herein.

The parties at said evidentiary hearing also agreed that William F. (Bill) Mooney, Jr., the owner of an oil and gas lease on the subject property herein, should receive $2800.00 as just compensation for such interest and that upon deposit the Clerk should make such disbursement to him from the deposited deficiency.

The parties also agreed that certain tenants on the subject property, namely Danny Lee Cox and David Lynn Cox, should be adjudged in default herein and receive no compensation with reference to any interest they possess in said property or in the alternative, they should look to the Defendant landowners Cox for the same.

At said evidentiary hearing the parties agreed upon the matter of unpaid rentals due the Plaintiff from the Defendant landowners Cox for their use of the property after the taking herein. It was agreed that said rentals are in the amount of $1500.00 with interest thereon under the ruling and procedure above mentioned at 8.60 percent for an agreed period.

The remaining issue to close the case has to do with the Defendant landowners' request for their litigation expense herein including attorney's fees under the exception announced in the case of *United States v. Bodcaw Co.,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979) and/or the bad faith exception to the "American Rule" regarding the recovery of attorney fees. The evidence presented in this connection indicated that the landowners' basis for such entitlement is the Government's alleged unfair treatment and bad faith in originally underestimating just compensation for the taking of said Defendants' property herein. In this connection, an appraisal was made by the Government on which an offer to purchase the interest of the Defendant landowners Cox followed in the amount of $266,329.00, which sum was thereafter deposited upon the filing of this case. The trial testimony of just compensation on behalf of the Government indicated just compensation to be at an average of $315,-125.00. It is this approximate $49,000.00 differential that said landowners claim constitutes bad faith on the part of the Government. However, the evidence of the Government indicates that this property was first appraised in October of 1975 at the lesser figure and thereafter in August of 1976 when a requested update of said appraisal was made when this litigation had to be filed, the appraisers raised their evaluation to the higher figure above mentioned on the basis of the recent discovery of three additional comparable sales since the earlier appraisal which brought about the increased valuation which formed the basis of the Government's testimony before the Commission herein. In these circumstances as presented to the Court, the Court finds that the evidence does not establish misrepresentation, unfair treatment or bad faith on the part of the Government which would entitle the Defendant landowners to recover their litigation expense and/or attorney's fees herein. Accordingly, said Defendant landowners' request in this connection is hereby denied.

In accordance with the rulings and agreements set out above, the Defendant landowners will prepare a Final Judgment herein and after approval as to form by the Plaintiff, will present the same to the Court for signature and entry herein.