**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**329.73 ACRES OF LAND, SITUATED IN GRENADA AND YALOBUSHA COUNTIES, STATE OF MISSISSIPPI, and J. G. Carter et al., Defendants-Appellees.**

No. 80–3520.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1982.

Rehearing Denied May 24, 1982.

Maria A. Iizuka, James W. Moorman, Jacques B. Gelin, Dept. of Justice, Lands Div., Washington, D. C., for plaintiff-appellant.

Oscar P. Mackey, Jackson, Miss., E. Russell Blair, Oxford, Miss., Jim R. Bruce, Jackson, Miss., for defendants-appellees.

Before GEE and RUBIN, Circuit Judges, and SPEARS,* District Judge.

PER CURIAM:

The appellant, United States of America, filed two actions in federal court in 1977 for the purpose of acquiring flowage easements over two separate tracts of land owned by appellee, Billy D. Benoist.[1] The flowage easements were taken in connection with the Grenada Lake, Yazoo Basin Headwater Project, in Mississippi.[2] In October of 1977,

---

* District Judge of the Western District of Texas, sitting by designation.

1. Appellee owns two separate tracts of land: one of approximately 314 acres; the second of approximately one acre. The government has imposed a flowage easement on 75.7 acres of the 314 tract, and on the entire one acre tract.

2. The flowage easement imposed upon appellee's land is defined in the government's original complaint as follows:

The estate taken for said public uses is the perpetual right, power, privilege, and easement occasionally to overflow, flood and submerge the land described in schedule "A", in connection with the operation and maintenance of the Yazoo Basin Headwater Project, Mississippi, together with all right, title and interest in and to the structures and improvements now situate on the land, except fenc-

ing; provided that no structures for human habitation shall be constructed or maintained on the land except as may be approved in writing by the representative of the United States in charge of the project, and that no excavation shall be conducted and no landfill placed on the land without such approval as to the location and method of excavation and/or placement of landfill; the above estate is taken subject to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving, however, to the landowners, their heirs and assigns, all such rights and privileges as may be used and enjoyed without interfering with the use of the project for the purposes authorized by Congress or abridging the rights and easement hereby acquired; including the right to construct on the land drainage ditches as may be required in accordance

the court appointed a commission to determine the issue of just compensation pursuant to Rule 71A(h) of the Federal Rules of Civil Procedure. All offers of compensation from the commission were refused by appellee and he requested a jury trial on that issue. The two cases were consolidated for trial, and, by consent of the parties, were assigned to a United States Magistrate. On August 1, 1977, a jury verdict was returned in the amount of $44,628.00, after which the government made a motion for a new trial on the basis of an excessive jury verdict. The motion was granted.

The case was retried by a district judge before a jury on April 7th and 8th, 1980, and a verdict for appellee in the amount of $48,628.00 was returned. A motion for judgment n. o. v., or, in the alternative, for a new trial made by the government was denied, and the government appealed.

Under the Fifth Amendment to the United States Constitution, a landowner is entitled to just compensation for the taking of his private property by the government. The goal of just compensation is one of indemnification. *See Almota Farmers Elevator and Warehouse Co. v. United States,* 409 U.S. 470, 473–474, 93 S.Ct. 791, 794, 35 L.Ed.2d 1, 7 (1973). In many cases, just compensation is determined by the market value of the property condemned; however, market value is not an absolute standard, nor an exclusive method of evaluation. *United States v. Virginia Electric and Power Co.,* 365 U.S. 624, 633, 81 S.Ct. 784, 790–791, 5 L.Ed.2d 838, 847 (1961). When the government takes an easement in land, just compensation is usually determined by computing the difference in value of the land free of, and burdened by, the easement. *United States v. Virginia Electric and Power Co., id.; United States v. 158.24 Acres of Land More or Less, Situated in Bee County, Texas v. Welder,* 515 F.2d 230, 232 (5th Cir. 1975); *Transwestern Pipeline Co. v. O'Brien,* 418 F.2d 15, 17 (5th Cir. 1969).

"Perhaps no warning has been more repeated than that the determination of value cannot be reduced to an inexorable rule." *United States v. Toronto, Hamilton and Buffalo Navigation Co.,* 338 U.S. 396, 402, 70 S.Ct. 217, 221, 94 L.Ed. 195, 201 (1949). Appellant has not heeded this warning. Relying on *United States v. Smith,* 355 F.2d 807 (5th Cir. 1966), appellant argues that where there are a number of comparable sales of land, the testimony of witnesses as to the value of the land based on other criteria is of no probative value. It is their position that since appellee's witnesses did not base their opinions on proper comparable sales which were available, such evidence is of no probative value, and that, as a consequence, appellee was unable to meet his burden of proof as to the value of his land before and after the imposition of the flowage easement. A review of *United States v. Smith, supra,* however, reveals that the holding resulted not only from the failure of the opinion to be based on comparable sales, but also because the witness had failed to articulate any other basis for his opinion. While comparable sales are often the most reliable form of evidence in determining market value, other forms of evidence are also admissible on that issue. *United States v. Toronto, Hamilton and Buffalo Navigation Co.,* 338 U.S. 396, 70 S.Ct. 217, 94 L.Ed. 199 (1949); *United States v. Smith, supra.* The testimony of an expert witness is admissible as evidence, provided that he states the assumptions on which his opinion is based. *United States v. Smith, supra.* It is not required that his opinion as to the before or after value of land in a condemnation case be based on comparable sales.

A review of the record in this case reflects that appellee's two expert witnesses articulated the basis for their opinions as to the before and after value of the land in question. Both witnesses stated that they used the market approach, and they defined the market approach as the price for which

with sound agricultural management practices; provided further that any use of the land shall be subject to Federal and State

laws with respect to pollution and as further described in Master File MF 33–25–143–500(1), WC77–82–K.

the property would be sold if it had been on the market for a reasonable time, with a willing seller and a willing buyer, both of whom were knowledgeable as to the value of the property. Each of the expert witnesses had inspected the property, and referred to what they called "comparable sales", a conclusion challenged by appellant. However, the objections made by appellant went to the weight of the evidence and not to its admissibility, so the district judge was correct in finding that the appellee had met his burden of proof as to the value of his land.

In addition to the opinions of the expert witnesses, the appellee, himself, testified as to the value of his land before and after the imposition of the flowage easement. He placed the value of his property before the imposition of the easement at $239,497.00, and after the imposition of the easement at $190,869.00. According to his figures, the total amount of damages to his property as a result of the imposition of the easement would be $48,628.00. This was the exact amount of the jury's verdict. Again, appellant attacks the probative value of this testimony on the grounds that it was not based on any accepted method of valuation, but this overlooks the fact that the opinion testimony of a landowner as to the value of his land is admissible without further qualification. *United States v. 3,698.63 Acres of Land, Etc., North Dakota*, 416 F.2d 65, 67 (8th Cir. 1966); *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966). Such testimony is admitted because of the presumption of special knowledge that arises out of ownership of the land. *Id.* at 92.

Appellant also complains that the jury verdict was not supported by substantial evidence and was clearly excessive. This argument was considered by the trial court in its decision on appellant's motion for judgment n. o. v., or, in the alternative for a new trial, and was found to be without merit. Rule 50(b) of the Federal Rules of Civil Procedure provides that a trial court may grant a motion for judgment n. o. v. if the evidence, viewed most favorably to the party against whom the motion is made, and giving to that party the benefit of all reasonable inferences from the evidence, is such that reasonable minds could not differ on the issue. *Galloway v. United States*, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *Jeffcoat Singer Housing Co.*, 619 F.2d 539 (5th Cir. 1980); *Alman Brothers Farms and Feed Mill, Inc. v. Diamond Lab.*, 437 F.2d 1295 (5th Cir. 1971). In reviewing whether a motion for judgment n. o. v. should have been granted, the appellate court applies the same standard as does the trial court in ruling on the motion originally. We find the trial court's denial of the motion for judgment n. o. v. proper.

A trial judge, in his discretion, may set aside a jury verdict and grant a new trial if, in light of the evidence, the verdict is so unreasonable that it would be unconscionable to permit it to stand. *Dagnello v. Long Island Railroad Co.*, 289 F.2d 797, 806 (2nd Cir. 1961); *Reid v. Maryland Casualty Co.*, 63 F.2d 10, 12 (5th Cir. 1933); *United States v. Certain Parcels of Land in Rapids Parish, Louisiana*, 149 F.2d 81, 83 (5th Cir. 1945). On appeal, the appropriate standard of review for denial of a motion for new trial is whether there was an abuse of the trial court's discretion. *DuPont v. Southern Pacific Co.*, 366 F.2d 193, 198 (5th Cir. 1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967). If a reasonable basis exists for the jury's verdict, an appellate court may not reverse. *Lavender v. Kurn*, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946). After a review of the record, we cannot say that the trial court abused its discretion in denying appellant's motion for a new trial. Directly in support of the jury's verdict was the testimony of appellee, who placed the damage done to his property at $48,628.00. The verdict was also within the range of figures given by appellee's two expert witnesses. We find that there was a reasonable basis for the jury's verdict.

A new trial may also be granted if the amount of the jury's verdict is clearly excessive or inadequate. An appellate court may only reverse a trial court's deci-

sion on a motion for new trial if it finds an abuse of discretion, *Lucas v. American Manufacturing Co.*, 630 F.2d 291 (5th Cir. 1980); *Parker v. Wideman*, 380 F.2d 433 (5th Cir. 1967); *Silverman v. Travelers' Insurance Co.*, 277 F.2d 257 (5th Cir. 1960), and we make no such finding in this case.

The appellee has filed motions seeking recovery of costs, fees and other expenses incurred in this litigation. However, since this case does not fall within the purview of 42 U.S.C. § 4654, no such recovery can be allowed. *United States v. Bodcaw Company*, 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979).[3]

The judgment[4] of the district court is AFFIRMED.

---

3. Appellee has cited 28 U.S.C. § 2412, as amended, effective October 1, 1981, in support of its claim. In *Bodcaw, supra*, however, the Supreme Court, in footnote 3, specifically stated that the authorization of § 2412 does not apply to condemnation cases, and there is no indication to the contrary in either the amended statute itself or its legislative history (H.R. Rep.No.96–1418, 96th Cong., 2d Sess. 5, reprinted in (1980) U.S.Code Cong. & Ad.News 4984–5003).

4. Pursuant to the authority granted by this Court on September 16, 1981, the judgment entered on April 8, 1980 was amended by the district judge to include an award of interest on $42,278 (the difference between the amount of the judgment and the deposit of $6,350 into the registry of the Court made by appellant on the date of taking, September 8, 1977), at the rate of 6% per annum from September 8, 1977, until paid.