**HELLENIC CENTER, INC., a Corporation, Plaintiff-Appellant,**

**v.**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant-Appellee.**

No. 86–2089.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1987.

Decided April 7, 1987.

David D. Freishtat (Shulman, Rogers, Gandal, Pordy & Ecker, P.A., Silver Spring, Md., on brief), for plaintiff-appellant.

Gerard J. Stief (Carol A. Sigmond, Richard W. Beebe, Washington Metropolitan Area Transit Authority, Washington, D.C., on brief), for defendant-appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

ERVIN, Circuit Judge:

Plaintiff Hellenic Center, Inc. appeals the district court's grant of summary judgment in favor of defendant Washington Metropolitan Area Transit Authority (the "Transit Authority") in this case involving inverse condemnation claims. Finding that the Transit Authority is entitled to judgment as a matter of law, we affirm the decision of the district court.

The salient facts in this case are not in dispute. The Hellenic Center is a nonprofit Maryland corporation, which owns a small tract of land in Montgomery County, Maryland. The Transit Authority is an agency and instrumentality of Maryland, Virginia, and the District of Columbia, created by an interstate compact approved by Congress. The Transit Authority was created for the purpose of developing and operating a regional transportation system for the Washington, D.C. metropolitan area. In order to fulfill this function, the Transit Authority is empowered to acquire real property by purchase or condemnation.

In July 1982, the Transit Authority offered to purchase a portion of the Hellenic Center's property in fee simple for the purpose of constructing a subway line. The Transit Authority also offered to purchase certain permanent and temporary easements in the property. The Hellenic Center retained legal counsel and an appraiser to assist in negotiations concerning the property, and it responded to the Transit Authority's offer with a counter-offer at a higher price. Thereafter, the Transit Authority offered to buy the entire tract in fee simple, but the Hellenic Center responded that the property was not for sale. The Transit Authority then decided to buy a tract of land near the Hellenic Center's property for the purpose of subway line construction. The Hellenic Center later sold a small, permanent underground easement to the Transit Authority, but the sale of this easement plays no part in the dispute between the parties. At no time did the Transit Authority institute formal condemnation proceedings against the Hellenic Center's property.

The Hellenic Center filed suit against the Transit Authority in the United States District Court for the District of Maryland, proceeding upon an inverse condemnation theory. The Hellenic Center alleged that the Transit Authority had taken certain actions in connection with its attempts to acquire the Hellenic Center's property that had interfered with and delayed the Hellenic Center's plans for developing the property. The Hellenic Center contended that these actions constituted a taking of its property, for which the Transit Authority had not paid just compensation. The Hellenic Center sought to recover damages for the inverse condemnation, for violation of its civil rights, and for the legal and appraisal fees it had incurred in its negotiations with the Transit Authority.

The Transit Authority moved for summary judgment on all claims and asserted untimeliness of the complaint under the applicable statute of limitations as an affirmative defense. The district court granted summary judgment for the Transit Authority without reaching the statute of limitations defense. The Hellenic Center's sole contention on appeal is that it is entitled to recover the legal and appraisal fees it incurred in its negotiations with the Transit Authority. Like the district court, we find that we need not address the statute of limitations issue; therefore, the only question for us to decide is whether the district court correctly granted summary judgment for the Transit Authority on the

Hellenic Center's claim for legal and appraisal fees.

■ When the federal government takes private property for public use, the fifth amendment to the United States Constitution requires the government to pay the property owner just compensation. As a general rule, just compensation reimburses an owner only for the value of the property taken; ordinarily, indirect costs to the owner resulting from the taking, such as attorneys' fees and expenses, are not part of the just compensation which the owner is entitled to recover. *See United States v. Bodcaw Co.*, 440 U.S. 202, 203, 99 S.Ct. 1066, 1066–67, 59 L.Ed.2d 257 (1979) (per curiam).

There are exceptions to the general rule precluding recovery of attorneys' fees and other incidental expenses as part of an award of just compensation. One such exception is set forth in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (the "Act"), 42 U.S.C. § 4601 *et seq.* (1982), which provides in pertinent part:

> The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—
> (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> (2) the proceeding is abandoned by the United States.

*Id.* § 4654(a).

■ The Hellenic Center contends that it is entitled to recover the legal and apprais-

al fees it incurred in its negotiations with the Transit Authority pursuant to 42 U.S.C. § 4654(a)(2).[1] Although the Transit Authority never instituted formal condemnation proceedings against the Hellenic Center's property, the Hellenic Center claims that the Transit Authority is liable for its legal and appraisal fees because the Transit Authority abandoned its attempt to purchase the Hellenic Center's property.[2] The linchpin of the Hellenic Center's argument is that the negotiations for the purchase of its property constituted a "proceeding" within the meaning of § 4654(a)(2). Upon the Transit Authority's abandonment of this "proceeding," the Hellenic Center contends, the Transit Authority became liable for the legal and appraisal fees that the Hellenic Center had incurred in the course of negotiations concerning the proposed sale of the property.

We must reject the Hellenic Center's strained interpretation of the statute. Section 4654(a)(2) permits a property owner to recover costs, expenses, and fees when "the proceeding is abandoned by the United States." A straightforward reading of the statute indicates that the proceeding referred to in subsection (2) is the same proceeding mentioned in the first line of the statute; that is, "a proceeding instituted by a Federal agency to acquire real property by condemnation...." Under such a literal interpretation, it is clear that § 4654(a)(2) allows a property owner to recover costs, fees and expenses only when the government has instituted a formal condemnation proceeding and later abandoned it. *See Bodcaw Co.*, 440 U.S. at 204, 99 S.Ct. at 1067 (Under § 4654, a property owner can recover "reasonable litigation expenses (including attorney's fees) ... when the Government abandons a condemnation....").

This conclusion is bolstered by the fact that under § 4654(a), awards of costs, fees and expenses are to be made by "[t]he Federal court having jurisdiction of a pro-

---

**1.** Although the Transit Authority is not technically a "Federal agency" within the meaning of the Act, *see* 42 U.S.C. § 4601(1), certain of the Act's provisions, including § 4654, have been made applicable to the Transit Authority by 42 U.S.C. § 4629.

**2.** We disagree with this characterization of the Transit Authority's actions. It was the Hellenic Center, not the Transit Authority, that terminated negotiations concerning the proposed sale of the property.

ceeding instituted by a Federal agency to acquire real property by condemnation...." When, as in this case, formal condemnation proceedings are never instituted, no federal court can have jurisdiction over such proceedings, and, accordingly, no federal court can award costs, fees and expenses to the property owner under § 4654(a). Moreover, the statute permits an award of only such costs, fees and expenses as are "actually incurred because of the condemnation proceedings...." When there are no condemnation proceedings, it is clear that the property owner can incur no costs, fees or expenses that can be reimbursed under the statute.

For these reasons, we conclude that the negotiations between the parties in this case concerning the proposed sale of the Hellenic Center's property did not constitute a "proceeding" within the meaning of 42 U.S.C. § 4654(a)(2). Accordingly, the Hellenic Center was not entitled to recover the legal and appraisal fees it had incurred in the course of these negotiations from the Transit Authority. The district court correctly determined that the Transit Authority was entitled to summary judgment on the Hellenic Center's claims, and, for the reasons stated in this opinion, that judgment is affirmed.

AFFIRMED.