**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

100.01 ACRES OF LAND IN BUCHANAN
COUNTY, VIRGINIA; JIM R. RICE,
            *Defendants-Appellants.*

No. 03-1505

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-00-185-1)

Submitted: May 19, 2004

Decided: June 22, 2004

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Stanford Thomas Mullins, STREET, STREET, STREET, SCOTT &
BOWMAN, Grundy, Virginia, for Appellants. Thomas L. Sansonetti,
Assistant Attorney General, Robert H. Oakley, John L. Smeltzer,
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant landowners James R. Stiltner and Jim R. Rice ("Landowners"), appeal from a final determination of just compensation in a civil condemnation proceeding affecting property recorded by deed in the Buchanan County Circuit Court Clerk's Office, in Deed Book 488, Page 436, recorded February 26, 1999. On appeal, Landowners claim: (1) the Government violated the substantive statutory condemnation requirements by failing to adequately describe the property prior to trial, thereby depriving Landowners of their due process rights; (2) the United States Army Corps of Engineers' Grundy Non-structural Flood Control Project is substantially the same as the Virginia Department of Transportation's U.S. Route 460 Project so as to affect the determination of the highest and best use of the subject property; (3) individual items which are inherent in reality should be disregarded in determining the amount of just compensation for the property as a whole; and (4) the district court erred when it failed to order the just compensation of Landowners' property to include the costs associated with having the property surveyed. For the reasons set forth below, we affirm the district court's order establishing just compensation.

This court reviews legal questions of due process and statutory rights *de novo*. *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002). We will uphold a trial court's determination of the highest and best use of a tract of land unless clearly erroneous. *United States v. 69.1 Acres of Land Situated in Platt Springs Township*, 942 F.2d 290, 293 (4th Cir. 1991). We review for abuse of discretion a district court's exercise of its equitable powers to award a litigant's costs and expenses. *Davis v. Richmond, Fredericksburg & Potomac R. Co.*, 803 F.2d 1322, 1328 (4th Cir. 1986).

Landowners first assert that the Government failed to adequately describe the property prior to trial. The Government is required to

include in its complaint in condemnation and declaration of taking, a description of the land sufficient to identify the land, *see* 42 U.S.C. § 3114(a)(2); Fed. R. Civ. P. 71A(c)(2), and did so in this case. To the extent an ambiguity existed in the declaration of taking, which ambiguity was resolved by the district court in favor of the larger 117.25-acre tract, Landowners cannot demonstrate that they were denied just compensation, given that the district court awarded Landowners an extra $3950 over the Government's expert's appraisal figure to compensate them for the value of the additional 117.25-acre fee tract. Moreover, Landowners were provided a full and fair opportunity to contest just compensation and to litigate the extent of the taking, and they prevailed on their claim in the district court with respect to the extent of the property affected by the proceeding. We find Landowners' due process rights were not violated in the proceedings below.

We find no merit to Landowners' claim that the district court clearly erred in its determination of the highest and best use of the subject property. Just compensation normally is properly measured by "the market value of the property at the time of the taking." *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934)). The "best evidence" of such value is sales of comparable land within a reasonable time before a taking. *United States v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

In this case, the district court reasonably determined the fair market value of the subject parcel based on market sales of comparable timber land in the location of the subject parcel around the time of the taking. In addition, the district court had evidence before it of the December 1998 market sale of the subject property itself, which evidence is extremely probative of fair market value. *See*, *e.g.*, *United States v. 428.02 Acres of Land, More or Less, Situate in Newton & Searcy Counties, Ark.*, 687 F.2d 266, 271 (8th Cir. 1982). While Landowners contend the district court should have adopted an alternative method of valuation, we find they failed to demonstrate that either of the methods they suggested was proper, given that the straightforward market-valuation approach to valuation of the property was not difficult to determine and its application did not result in manifest injustice to the owner or the public. *50 Acres of Land*, 469

U.S. at 29; *see also A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 583 & n.8 (11th Cir. 2001).

Landowners next assert the district court clearly erred in failing to take into account individual items which inhere in the subject property when determining the amount of just compensation, specifically the value of the timber that had been taken from the property. The appraisal performed by the Government's expert took into consideration the overall capacity of the land for timber growing and harvest, and determined the value of the subject parcel based on sales of comparable "wooded" parcels. The district court thoroughly questioned the respective experts as to their valuation of the property, including the value of the timber standing and not standing, prior to rendering its valuation. The district court's reliance on the Government's appraisal as more persuasive evidence of fair market value cannot be said to be clearly erroneous.

The final claim on appeal advanced by Landowners is that the district court erred in failing to order the just compensation of Landowners' property to include the costs associated with having the exact amount of acreage taken ascertained. Specifically, Landowners claim the award of just compensation should have included their costs associated with having the property surveyed, which survey resulted in the difference between the 94.12 acres described by the Government in its initial pleadings, and the 117.25 acres the district court determined actually was condemned by the Government.

As a preliminary matter, it does not appear that Landowners made a proper request in the district court for their costs, fees, and expenses associated with the retention of their surveyor in their efforts to establish the amount of land subject to the Government's taking, and the record does not include evidence of the amount of those costs, fees, and expenses. Such a claim is deemed waived on appeal. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *see also Kellogg Co. v. Toucan Golf, Inc.*, 337 F.3d 616, 629 (6th Cir. 2003).

Even if Landowners preserved their right to appeal by virtue of their pre-trial request for costs and expenses associated in bringing their motion to dismiss, their claim is without merit. The Supreme Court has held that just compensation "is for the property, and not to

the owner." *United States v. Bodcaw, Co.*, 440 U.S. 202, 203 (1979) (quoting *Monongahela Navigation Co. v. United States*, 148 U.S. 312, 326 (1893)). Absent statutory authorization, litigation costs and expenses may not be assessed against the United States in federal condemnation cases, *United States v. Worley*, 281 U.S. 339, 344 (1930), and indirect costs to the landowner, including attorneys' fees and expenses, are not properly considered in ascertaining the measure of just compensation. *Bodcaw*, 440 U.S. at 203; *see also Hellenic Center, Inc. v. Washington Metro. Area Transit Auth.*, 815 F.2d 982, 984 (4th Cir. 1987). We decline to vacate the district court's judgment on the ground that it failed to include in the just compensation award the costs, fees, and expenses associated with Landowners' surveyor.

Accordingly, we affirm the district court's final judgment awarding just compensation in the amount of $69,400. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*