IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0661
════════════
 
FKM Partnership, Ltd., A Texas 
Limited Partnership, Petitioner
 
v.
 
Board of Regents of the 
University of 
Houston System, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued March 21, 
2007
 
 
Justice Willett, concurring in part and 
dissenting in part.
I 
agree with all but Part II(B)(2) of the Court=s opinion, which disregards 
the language of the governing statute. The unambiguous text of Property Code 
Section 21.019(b) provides no basis for awarding fees and expenses to FKM. I 
understand perfectly the Court=s concern about condemnor abuse, but if the legal deck is stacked, the 
Legislature should reshuffle the equities, not us.
Fee-shifting 
statutes must contain express authorization,[1] particularly those effecting a waiver of sovereign immunity.[2] The Court accepts FKM=s extra-statutory argument 
that the University=s 
amended petition scaling back the acquisition=s size effected a partial 
dismissal of the condemnation suit, thus entitling FKM to fees and expenses 
under Section 21.019(b). By its very language, however, that fee-shifting 
provision does not apply here.
Section 
21.019 begins “[a] party that files a condemnation petition may move to dismiss 
the proceedings, and the court shall conduct a hearing on the motion.”[3] Subsection (b) reads:
 
A 
court that hears and grants a motion to dismiss a condemnation proceeding made 
by a condemnor under Subsection (a) shall make an 
allowance to the property owner for reasonable and necessary fees for attorneys, 
appraisers, and photographers and for the other expenses incurred by the 
property owner to the date of the hearing.[4]
 
 
We 
must take the Legislature=s language as we find it 
and not judicially rewrite the statute under the guise of construction, however 
unjust or imperfect we believe the statute to be.[5] Our confined role is to interpret 
unambiguous text according to its terms, reading the Legislature=s words as enacted, not 
revising them as desired.[6] In departing from our oft-professed 
adherence to plain language, the Court has treated the University to a classic 
Inspector Clouseau moment.[7]
On its face 
Section 21.019(b) requires three things, not one of which happened in this 
case:
1.         
a motion to dismiss filed by the condemning 
authority,
2.         
a hearing on the motion, and
3.         
an order granting the motion.
None of these 
procedural steps occurred: no motion, no hearing, no 
order. I would apply the statute as written, and absent these mandatory 
triggering events, a court has no authority to award fees and expenses.
Nor can 
Section 21.019 be construed as encompassing a “partial dismissal” of the 
proceeding. Subsection (a) covers a motion “to dismiss the proceedings,” and 
Subsection (b) applies where the court grants the “motion to dismiss a 
condemnation proceeding.” Similarly, Subsection (c) covers “a motion to dismiss 
a condemnation proceeding” filed by the landowner. The use of the term 
“condemnation proceeding” throughout the rest of Chapter 21 confirms the 
Legislature means the entire case.[8] The statute speaks to total dismissal and 
makes no provision for anything less.
The 
Legislature could, of course, enact a fee provision that covers partial 
dismissals. Several states have done so,[9] and Section 1303(b) of the Model Eminent 
Domain Code authorizes fee shifting “[i]f the scope of 
the property to be taken is reduced as the result of . . . a partial 
dismissal.”[10] In that instance, the model code 
provides “the court shall award the defendant the portion of his litigation 
expenses attributable to the property within the scope of the reduction.”[11] The model code was adopted by the 
National Conference of Commissioners on Uniform State Laws in 1984, but Texas 
lawmakers, while twice substantively amending the fee-shifting provisions since 
then, have declined to authorize fee shifting in partial-dismissal cases.[12]
Chapter 21 of 
the Property Code is the Legislature=s comprehensive rulebook 
governing the taking of private property for public use. And while I understand 
the Court=s concerns 
about condemnors= artful dodging of 
otherwise-recoverable fees, the statute focuses on actions, not motives; it says 
what it says, not what the Court says it says. Landowners recover when the court 
grants a condemnor=s motion dismissing the 
entire proceeding or determines the condemnor lacked 
the right to acquire the property,[13] not when the condemnor amends to take less property. The Legislature has 
defined the specific circumstances under which a landowner may recover fees and 
expenses, and those circumstancesC”a matter of 
legislative grace rather than constitutional command”[14]Care simply absent in this 
case. Here, the University amended its petition to shrink the project; it did 
not dismiss its petition to abandon the project.
I understand 
that Part II(B)(2) of the Court=s opinion aims to work an 
eminently fair result, but as it upends the balance lawmakers struck in the 
controlling statute, I respectfully dissent.
 
 
______________________________
Don R. 
Willett
Justice
 
Opinion delivered: June 6, 
2008







[1] See, e.g., Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 
91, 95 (Tex. 
1999).

[2] As to immunity 
waivers, two things are axiomatic: (1) they must be clear and unambiguous, Tex. Gov=t Code ' 311.034; Tooke v. 
City of Mexia, 197 S.W.3d 325, 329 n.2, 333 (Tex. 
2006); and (2) uncertainties over legislative consent must be resolved in favor 
of retaining immunity, Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 
692, 697 (Tex. 2003). The Court infers waiver from Section 21.019(b), and while 
I agree the statute is clear, its clarity cuts in a direction contrary to the 
Court=s holding. At the very least, Section 21.019(b) is a 
slender reed upon which to conclude the Legislature waived immunity beyond all 
doubt.

[3] Tex. Prop. Code ' 21.019(a).

[4] ' 21.019(b).

[5] See Simmons 
v. Arnim, 220 S.W. 66, 70 (Tex. 
1920).

[6] Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson, 209 S.W.3d 644, 651-52 
(Tex. 
2006).

[7] 
      Clouseau: 
       Does your dog bite?
Hotel Clerk:     No.
Clouseau:        [bowing down to 
pet the dog] Nice doggie.
[dog barks and bites Clouseau on the hand]
Clouseau:        I thought you 
said your dog did not bite!
Hotel Clerk:     That is not my 
dog.
 
The Pink 
Panther Strikes Again (United Artists 
1976), available at 
http://youtube.com/watch?v=SXn2QVipK2o.

[8] The term is 
used repeatedly throughout Chapter 21 in provisions related to everything from 
initial filing, Tex. Prop. Code 
' 21.012, to venue, ' 21.013, to the special commissioners= procedures, '' 21.042(a), .0421(a), .047, to trial to the court, 
' 21.018, to the procedure governing reinstatement of 
condemnation proceedings, ' 21.020, to the rules covering possession of the land 
pending litigation, ' 21.021, to the procedures governing final judgments, 
'' 21.061-.063. Each and every reference makes evident the 
Legislature=s intended meaning.

[9] E.g., Ala. Code ' 18-1A-232; Alaska R. Civ. P. 72(i), (k); Cal. Civ. 
Proc. Code ' 1268.610; 26 
Pa. Cons. Stat. ' 308.

[10] Model Eminent Domain Code 
' 1303(b) 
(1984).

[11] Id.

[12] Act of June 1, 1997, 75th Leg., R.S., ch. 
1171, ' 1.46, 1997 
Tex. Gen. Laws 4427, 4447 (codified at Tex. Prop. Code ' 21.0195); Act of May 30, 1987, 70th Leg., R.S., 
ch. 483, ' 1, 1987 Tex. Gen. Laws 2091, 2091 (amending 
Tex. Prop. Code ' 
21.019).

[13] Tex. Prop. Code '' 21.019, 
.044.

[14] 
United 
States v. Bodcaw Co., 440 U.S. 202, 204 
(1979).