**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1306**

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff - Appellee,

    v.

0.47 ACRES OF LAND, OWNED BY BRUCE M. COFFEY AND MARY E. COFFEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:19-cv-00148-EKD-RSB)

Submitted:  February 19, 2021             Decided:  March 23, 2021

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry C. Frank, RADIANT LEGAL & CONSULTING PLLC, Richmond, Virginia, for Appellants.  Wade W. Massie, Seth M. Land, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce M. Coffey and Mary E. Coffey ("the Coffeys") appeal the district court's order granting summary judgment in favor of Mountain Valley Pipeline, LLC ("MVP") with respect to the value of just compensation for a permanent easement and temporary workspace easement on the Coffeys' property (the "Easement"). On appeal, the Coffeys assert that the district court erred in granting summary judgment by declining to consider two pieces of evidence on which they attempted to rely to establish the value of the Easement. Finding no reversible error, we affirm.

We review de novo a district court's grant of summary judgment, "applying the same legal standards as the district court" and viewing the facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Fed. R. Civ. P. 71.1(a). "The essence of this inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail." *Salley v. Myers*, 971 F.3d 308, 312 (4th Cir. 2020) (internal quotation marks omitted).

"If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, summary judgment is appropriate." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020) (alterations and internal quotation marks omitted). When the nonmoving party bears the

2

burden of proof at trial, the moving party can satisfy its summary judgment burden by demonstrating an absence of evidence to support the nonmoving party's case. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). If the moving party makes this showing, the burden shifts to the nonmoving party "to show that there is a genuine issue of material fact for trial by offering sufficient proof in the form of admissible evidence." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alterations and internal quotation marks omitted); *see* Fed. R. Civ. P. 56(c). Although the nonmoving party's proffered evidence need not itself be admissible, it must be "capable of being reduced to admissible evidence at trial." *U.S. Dep't of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 926 & n.8 (4th Cir. 1995).

The Coffeys first take issue with the district court's refusal to consider testimony by landowner Bruce Coffey ("Coffey") regarding the value of the Easement. In condemnation actions, the landowner bears the burden of establishing the value of the land taken. *United States v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991). "Courts indulge a common-law presumption that a property owner is competent to testify on the value of his own property." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007). Thus, federal courts routinely permit landowners to testify as to the value of their real property in eminent domain cases. *See, e.g.*, *Sabal Trail Transmission, LLC v. 3.921 Acres of Land*, 947 F.3d 1362, 1368-69 (11th Cir. 2020); *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 636 (10th Cir. 1988); *D.C. Redevelopment Land Ag'y v. Thirteen Parcels of Land*, 534 F.2d 337, 339 (D.C. Cir. 1976). Such opinion testimony "is

3

admissible without further qualification." *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982).

The Coffeys assert that the district court impermissibly held Coffey to the standard of an expert when excluding his valuation opinion and placed undue limitations on the basis for his opinion. We have deemed landowner valuation testimony admissible as lay witness opinion testimony under Federal Rule of Evidence 701. *See Christopher Phelps & Assocs.*, 492 F.3d at 542; *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1344 (4th Cir. 1979). Lay opinion testimony is admissible "if it is helpful to the jury; if it is based on the perception of the witness; and if it is not expert testimony under Federal Rule of Evidence 702." *Christopher Phelps & Assocs.*, 492 F.3d at 542; *see* Fed. R. Evid. 701(a) (requiring lay opinion testimony to be "rationally based on the witness's perception").

The district court concluded that Coffey's testimony was impermissible lay opinion testimony because he relied on technical or specialized knowledge properly within the domain of expert testimony. We need not determine whether landowner lay opinion testimony may ever encompass specialized or technical knowledge within the scope of Rule 702, however, as we conclude Coffey's testimony was patently inadmissible.

Relying on Tenth and Eleventh Circuit authority, the Coffeys argue that the basis for landowner opinion testimony, including the depth of the landowner's knowledge and any reliance on hearsay, goes to the weight rather than the admissibility of that testimony. Contrary to the Coffeys' assertion, our sister circuits are not fully in agreement on this issue. *Compare 10,031.98 Acres of Land*, 850 F.2d at 636-37; *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 435-36 (5th Cir. 1982); *J&H Auto Trip Co. v Bellefonte Ins. Co.*, 677 F.2d

4

1365, 1369 (11th Cir. 1982), *with Cunningham v. Masterwear Corp.*, 569 F.3d 673, 676 (7th Cir. 2009); *D.C. Redevelopment*, 534 F.2d at 339-41. Further, even those circuits that most broadly admit landowner valuation opinions have recognized limitations on such opinions. To be admissible, a landowner's valuation opinion must rely on a valid foundation, not speculation or conjecture. *See United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966). "There must be a basis for the landowner's valuation, and where the landowner's own testimony shows that his valuation has no probative value, the district court may determine that the landowner's testimony alone is insufficient to support a jury verdict." *10,031.98 Acres*, 850 F.2d at 637; *see Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250 (11th Cir. 2018).

Coffey's decades of familiarity with his property enabled him to form an opinion of its value based on comparable property sales. *10,031.98 Acres*, 850 F.2d at 640. As the Coffeys acknowledge, however, Coffey's testimony was not based solely on such comparable sales. Instead, Coffey intended to testify regarding a technical valuation performed by an undisclosed expert. Coffey openly admitted that the opinion was not his own and that he lacked knowledge of much of the basis for the calculations about which he intended to testify.

"[T]he rationale which justifies landowners' opinion testimony—i.e., their special knowledge of the property—does not extend to the mere repetition of another's assessment of the property's value." *United States v. 68.94 Acres of Land*, 918 F.2d 389, 398 (3d Cir. 1990). Thus, whether providing an expert or a lay opinion, "[w]hat the owner is not allowed to do is merely repeat another person's valuation." *Cunningham*, 569 F.3d at 676.

5

Absent a sounder foundation, we conclude that Coffey's opinion would be unduly speculative and unhelpful to the jury. *See Christopher Phelps & Assocs.*, 492 F.3d at 542; *see* Fed. R. Evid. 701(a). We therefore find no error in the court's refusal to consider Coffey's testimony for purposes of summary judgment.

The Coffeys also assert that the court erred in refusing to consider an appraisal report prepared by Jared L. Schweitzer, which MVP proffered when setting security for its possession of the Easement ("the Schweitzer Appraisal"). The Coffeys argue that the court incorrectly classified the Schweitzer Appraisal as impeachment evidence that could not support summary judgment.

In the district court, the Coffeys expressly sought to rely on the Schweitzer Appraisal only to impeach MVP's expert appraisal. They now attempt to rely on the Schweitzer Appraisal as substantive evidence of value. "Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (alterations and internal quotation marks omitted).

Courts have recognized, and the Coffeys do not dispute, that impeachment evidence, standing alone, generally cannot be used to create a genuine dispute of material fact at summary judgment. *See Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*, 358 F.3d 736, 742 (10th Cir. 2004); *Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012); *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001); *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir 1996); *see also Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("[W]hen challenges to witness[] credibility are *all* that a plaintiff relies on, and he has shown no

6

independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper."). Because the Coffeys bore the burden of proof in establishing just compensation but proffered no evidence admissible to establish its value, we conclude the district court properly granted summary judgment in favor of MVP. *See Balengee*, 968 F.3d at 349; *Variety Stores*, 888 F.3d at 659.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*